IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CR-74-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DAVID LEONARD MAYES, | ) | |
| | ) | |
| Defendant. | ) | |

On May 25, 2022, a grand jury returned an indictment charging David Leonard Mayes ("Mayes" or "defendant") with one count of aggravated sexual abuse of a child in the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 2241(c) [D.E. 25]. On August 1, 2025, the United States moved to exclude evidence of Mayes's "diminished capacity" at trial under the Insanity Defense Reform Act of 1984 ("IDRA"), 18 U.S.C. § 17, et seq., and Federal Rules of Evidence 401, 403, and 702 [D.E. 93]. On August 15, 2025, Mayes responded and requested that the court reserve ruling on the matter until the close of the government's case-in-chief [D.E. 100]. On February 20, 2026, the United States moved in limine to exclude Mayes's proposed expert testimony under Federal Rule of Criminal Procedure 16(b), and to prevent Mayes from introducing certain statements or other evidence under the rule of completeness and appealing to juror nullification [D.E. 107]. Trial is scheduled to begin on March 2, 2026 [D.E. 101]. On February 23, 2026, the court held the pretrial conference. As discussed at the pretrial conference and explained below, the court grants the United States' motion to exclude expert evidence, and grants the United States' motion in limine as to expert testimony.

On February 22, 2022, by criminal complaint, the United States charged Mayes with aggravated sexual abuse of a child in the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 2241(c). See [D.E. 1] 1. On March 1, 2022, United States Magistrate Judge Brian S. Meyers held a preliminary hearing and a detention hearing, determined that probable cause supported the charge in the complaint against Mayes, and granted the United States' motion for detention. See [D.E. 14]. At the detention hearing, Mayes moved for a competency evaluation. On March 2, 2022, Magistrate Judge Meyers granted the motion and ordered a competency evaluation of Mayes. See [D.E. 15] 1–3. On March 7, 2022, Chief United States District Judge Richard E. Myers II granted the parties' joint motion to extend the period for filing an indictment. See [D.E. 18] 1. On April 27, 2022, Chief Judge Myers granted the parties' second joint motion to extend the period for filing an indictment. See [D.E. 23] 1.

On May 25, 2022, a grand jury charged Mayes with knowingly engaging in a sexual act and attempting to engage in a sexual act with a person who had not attained the age of 12 years in violation of 18 U.S.C. § 2241(c). See [D.E. 25] 1. On October 3, 2022, the court held a hearing on Mayes's competency to stand trial and found that Mayes could not properly assist in his defense. See [D.E. 46]. The court considered the reports of Dr. Lacie Biber and Dr. James Hilkey ("Hilkey"). See [D.E. 87] 2; [D.E. 30] 2–14; [D.E. 40-1, 42]. In Hilkey's report, Hilkey described his interactions with Mayes and his assessment of Mayes's competency. See [D.E. 40-1] 1–3. Hilkey opined that Mayes "does not have the ability to effectively assist counsel in his representation factually or rationally" and noted his "questions about Mr. Mayes'[s] mental state at the time of the alleged offense." Id. at 3.

On May 11, 2023, the warden of MCC Chicago certified that Mayes's competency to stand trial had been restored. See [D.E. 48] 1–2. Specifically, Drew J. Miller, Ph.D., a forensic psychologist at MCC Chicago, opined that Mayes had been "exaggerating, if not feigning competency-related deficits" and did not "suffer from a mental disease or defect which renders him unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense." [D.E. 48-1] 20. On June 20, 2023, Mayes filed a notice under Federal Rule of Criminal Procedure 12.2(b) "of intent to introduce expert evidence relating to mental disease or defect of the defendant bearing on the issue of competency and diminished capacity." [D.E. 49] 1.[1]

On December 8, 2023, Mayes moved for a psychiatric competency evaluation and an evaluation of Mayes's mental condition. See [D.E. 60] 1–4. In connection with his motion, Mayes filed a second report by Dr. James Hilkey. See [D.E. 60-2] 1–5. In his second report, Hilkey described his interactions with Mayes and his assessment of Mayes's competency, and opined that Mayes, "in his current mental state, does not have the ability to effectively assist counsel in his representation factually or rationally." [D.E. 60-2] 4. Hilkey also opined that "[e]vidence suggests that Mr. Mayes has lived a marginal existence in the community with marked adaptive deficits which may well have factored into the commission of the alleged offense." Id.

---

[1] Federal Rule of Criminal Procedure 12.2(b) provides: "If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must—within the time provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders." Fed. R. Crim. P. 12.2(b).

On January 5, 2024, the court held a competency hearing concerning Mayes's competency to stand trial and took the matter under advisement. See [D.E. 67]. On June 12, 2024, the court held a hearing, made findings of fact and conclusions of law in open court, denied Mayes's motion for a psychiatric competency evaluation and an evaluation of Mayes's mental condition, and found that Mayes was competent to stand trial. See [D.E. 80, 81, 82].

On January 30, 2026, Mayes filed a notice of expert testimony listing Dr. Hilkey as a proposed expert witness to "testify to his examination of Mr. Mayes." [D.E. 104] 1. Mayes's also noticed Stacey Deville, M.F.S. ("Deville") and stated that Deville "will testify to her review of evidence from the canvassing of the crime scene." Id. As to both experts, the notice also states that "defense counsel has furnished, or will shortly furnish, the witness' opinions and the bases, with the qualifications of the witness." Id. Mayes's criminal trial is scheduled to begin on March 2, 2026. See [D.E. 101].

II.

The United States moves to exclude expert evidence of Mayes's diminished capacity. The United States argues that expert testimony about Mayes's diminished capacity violates the Insanity Defense Reform Act ("IDRA"), 18 U.S.C. § 17, et seq., and should be excluded under Federal Rules of Evidence 401, 403, and 702. See [D.E. 93] 6–18. Mayes responds that the expert testimony does not violate the IDRA and will assist the jury to determine Mayes's mental state. See [D.E. 100] 5–7. Specifically, Mayes argues that the expert testimony will assist the trier of fact's understanding of Mayes's state of mind when the Naval Criminal Investigative Service ("NCIS") interviewed Mayes and he allegedly made inculpatory statements. See id. at 5. Mayes also asks the court to reserve decision on the United States' motion to exclude evidence of Mayes's diminished capacity until the close of the United States' case-in-chief. See id. at 7.

4

A.

The IDRA provides, in relevant part, that "[i]t is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense." 18 U.S.C. § 17(a). The IDRA "leaves no room for a defense that raises any form of legal excuse based upon one's lack of volitional control including a diminished ability or failure to reflect adequately upon the consequences or nature of one's actions." United States v. Worrell, 313 F.3d 867, 872 (4th Cir. 2002) (citations and quotations omitted); see United States v. Hudak, 156 F.4th 405, 410 (4th Cir. 2025); United States v. Pohlot, 827 F.2d 889, 897 (3d Cir. 1987).

The Fourth Circuit has distinguished the "rare" case where "mental health evidence is presented to negate the specific intent element of a specific intent crime," from the impermissible use of mental health evidence to "establish lack of volitional control generally." Hudak, 156 F.4th at 410 (citation and quotations omitted); see Worrell, 313 F.3d at 875. In Worrell, the Fourth Circuit illustrated this distinction using the facts of United States v. Staggs, 553 F.2d 1073 (7th Cir. 1977), abrogated on other grounds by United States v. Woody, 55 F.3d 1257 (7th Cir. 1995).[2] See Worrell, 313 F.3d at 873–84. In Staggs, the defendant was charged with threatening to shoot a police officer and proffered an expert to opine that the "defendant was more likely to hurt himself than to direct his aggressions toward others." 553 F.2d at 1074–75. The Fourth Circuit explained that the IDRA likely would not preclude such expert testimony, because the "IDRA does not prohibit psychiatric evidence of a mental condition short of insanity when such evidence is offered

---

[2] Staggs predated the IDRA's enactment. Thus, the Seventh Circuit did not have reason to determine its applicability.

5

purely to rebut the government's evidence of specific intent, although such cases will be rare." Worrell, 313 F.3d at 874. In other words, the IDRA would not prohibit the Staggs expert's testimony because the expert opined that the defendant "did not do it, not that he could not help it." Hudak, 156 F.4th at 410 (citation omitted); Worrell, 313 F.3d at 874.

In Hudak, the Fourth Circuit reaffirmed the distinction drawn in Worrell and affirmed the district court's exclusion of mental health evidence under the IDRA. See 156 F.4th at 410. The defendant in Hudak sought to introduce an expert's report assessing his competency to stand trial. See id. at 409. Yet the expert also opined that the defendant "would not have engaged in the alleged conduct but for [the defendant's] serious mental health issues." Id. The Fourth Circuit held that the defendant's proffered expert evidence was "precisely the kind of diminished capacity evidence in disguise barred by the IDRA." Id. at 410 (cleaned up).

Mayes's Rule 12.2(b) notice transparently states that he seeks to offer expert evidence about his alleged "diminished capacity." See [D.E. 49] 1. Thus, the IDRA precludes Mayes's proffered expert testimony. See Hudak, 156 F.4th at 409–10; Worrell, 313 F.3d at 873–74; 18 U.S.C. § 17(a).[3]

---

[3] Mayes's response to the United States' first motion does not address the United States' arguments about the IDRA. Instead, Mayes confusingly argues that the expert testimony will assist the jury to understand Mayes's mental state at the time of the offense, see [D.E. 100] 5 ("As the issue of the requisite mental state is always at issue . . . expert testimony will assist the jury in the determination of the requisite mental state."), and during Mayes's interview with the NCIS. See id. ("[T]he use of expert testimony will assist the jury in the understanding of the mental state of the [d]efendant during the course of the interview."). But on the next page of his response brief, Mayes disclaims offering Dr. Hilkey on the issue of mens rea. See id. at 6 ("[T]he opinion of Dr. Hilkey will provide context as to the statements made by [Mayes] during the course of his interviews and is not offered to address whether [Mayes] did or did not have a mental state that constitutes an element of the crime.").

B.

Alternatively, even if the IDRA did not prohibit Mayes's proffered mental health evidence, the court would exclude it under Federal Rules of Evidence 702 and 403. Hilkey's expert testimony will not help the jury to understand the evidence or to determine a fact in issue. See Fed. R. Evid. 702(a). Hilkey's reports do not discuss Mayes's state of mind when the offense charged allegedly occurred on February 18, 2022, or during Mayes's NCIS interview shortly after the alleged incident. Instead, Hilkey's reports evaluated Mayes's competence in September 2022 and November 2023 to stand trial and to assist in his own defense. See [D.E. 40-1]; [D.E. 60-2]. Moreover, Hilkey's reports only briefly refer to the offense charged in the indictment. Hilkey's first report vaguely refers to Hilkey's "questions about Mr. Mayes' [sic] mental state at the time of the alleged offense." [D.E. 40-1] 3. And Hilkey's second report briefly speculates that Mayes's "marginal existence in the community . . . may well have factored into the commission of the alleged offense." [D.E. 60-2] 4. Neither report provides a factual basis for these opinions. Furthermore, both reports state that when Hilkey interacted with Mayes, Mayes either could not remember or was unwilling to discuss the alleged offense conduct. See [D.E. 40-1] 2–3; [D.E. 60-2] 4.

In Hudak, the Fourth Circuit affirmed the exclusion of similar mental health evidence. 156 F.4th at 409–10. There, the defendant sought to introduce a psychologist's report which assessed the defendant's competency to stand trial nearly two years after the defendant's offense conduct. See id. at 409. The district court excluded the expert testimony under Rule 702. See id. The Fourth Circuit affirmed because "it is axiomatic that a court may exclude an expert opinion when 'there is simply too great an analytical gap between the data and the opinion proffered.'" Id. (quoting Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997)). The "striking incongruence" between

7

the expert's disclosure and the expert's report made the expert's opinion about the defendant's mental illness unreliable. Id.

Here, as in Hudak, there is too great an analytical gap between Hilkey's reports and Hilkey's vague statements about Mayes's mental state at the time of the alleged offense on February 18, 2022. See id.; Joiner, 522 U.S. at 146; Fed. R. Evid. 702. Moreover, Hilkey does not offer any opinion about Mayes's NCIS interview. Thus, Hilkey's expert testimony about Mayes's state of mind fails to satisfy Rule 702. Furthermore, whatever the minimal relevance of Hilkey's expert testimony, it is substantially outweighed by a risk of confusing the issues and misleading the jury. See Fed. R. Evid. 403. Thus, the court grants the United States' motion to exclude Hilkey's expert testimony.

### III.

The United States also moves to exclude Hilkey's and Deville's testimony for Mayes's failure to comply with Federal Rule of Criminal Procedure 16(b). See [D.E. 107] 1, 3–5. Rule 16(b) provides, in relevant part, that a defendant's expert witness disclosure must contain, for each expert witness,

> a complete statement of all opinions a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(b)(1)(C)(iii); see United States v. Rouse, No. 22-4479, 2024 WL 2044630, at *2 & n.2 (4th Cir. May 8, 2024) (per curiam) (unpublished); United States v. McLean, 715 F.3d 129, 142–43 (4th Cir. 2013); United States v. Holmes, 670 F.3d 586, 597–99 (4th Cir. 2012); United States v. Barile, 286 F.3d 749, 758–59 (4th Cir. 2002); United States v. Johnson, 219 F.3d 349, 358 (4th Cir. 2000). Disclosure must occur by the time set by the court and include the information that Rule 16(b) requires. See Fed. R. Crim. P. 16(b)(1)(C)(ii); cf. Fed. R. Crim. P. 16

advisory committee's note to 2022 amendment (stating that the amendment, which added a requirement for the court to set "an enforceable deadline for disclosures" and specific disclosure requirements, was "intended to facilitate trial preparation" and to "allow[] the parties a fair opportunity to cross-examine expert witnesses and secure opposing expert testimony if needed").

On October 21, 2025, the court ordered that expert disclosures be made not later than January 30, 2026. See [D.E. 101] 1. Therefore, the court's order required Mayes to make the Rule 16(b)(1)(C)(iii) disclosures by January 30, 2026. But Mayes's January 30, 2026 expert notice does not provide a basis for the expert opinions of Deville and Hilkey. See [D.E. 104] 1. Moreover, while Mayes's expert notice states that counsel would provide the required information to the government, the United States represented in its February 20, 2026 motion that Mayes never made the required disclosure. See [D.E. 107] 4. Instead, Mayes provided the United States only with Deville's curriculum vitae. See id.

Here, Mayes failed to comply with Federal Rule of Criminal Procedure 16(b) and this court's disclosure deadline. Thus, the court excludes the expert testimony of Hilkey due to Mayes's failure to comply with Federal Rule of Criminal Procedure 16(b) and this court's disclosure deadline. Moreover, at the pretrial conference, Mayes stated that he was not seeking to have Deville testify.

Finally, at the pretrial conference, the court expressed its view that defense counsel would not discuss the potential penalties if Mayes is convicted or make a jury nullification argument. Thus, the court declines to address that part of the United States' motion. As for the United States' motion under Federal Rule of Evidence 106, the court will apply Rule 106 to Mayes's statements to NCIS and will hear further argument about Rule 106 from the defense on March 2, 2026, before jury selection.

9

IV.

In sum, the court GRANTS the United States' motion to exclude Hilkey's expert evidence and testimony [D.E. 93] and GRANTS the United States' motion in limine [D.E. 107].

SO ORDERED. This 14 day of February, 2026.

JAMES C. DEVER III
United States District Judge

10